## In re LICHTENSTEIN.
### No. 16858.

District Court, W. D. Pennsylvania.
April 30, 1932.

L. S. Levin and Max V. Schoomaker, both of Pittsburgh, Pa., for bankrupt.

Arthur D. Gatz, of Pittsburgh, Pa., for objecting creditors.

Lewis M. Alpern, of Pittsburgh, Pa., for receiver.

SCHOONMAKER, District Judge.

Bankrupt made a 30 per cent. composition offer to his creditors. More than a majority of his creditors accepted this offer.

Specifications of objections to this proposed composition were filed by certain creditors of the bankrupt, i. e., Atlantic Refining Company, Armstrong Paint & Varnish Company, Belknap Hardware & Manufacturing Company, E. I. Du Pont de Nemours Company, and Lisk Manufacturing Company. The matter was then referred to Forest G. Moorhead, referee in bankruptcy, as special master, for examination, testimony, and report.

The specifications of objections to the confirmation of this composition are as follows:

"First: That the said bankrupt within twelve months immediately preceding the filing of the petition against him, transferred some of his property; namely: his real estate, to himself and wife with the intent to hinder, delay, or defraud his creditors.

"Second: That the said bankrupt has failed to explain satisfactorily the loss of assets or deficiency of assets to meet his liabilities in that he has failed to explain satisfactorily the loss or deficiency of assets in the sum of Nineteen Thousand and Sixty-one Dollars and Thirty-four Cents ($19,061.34) in merchandise, and further that he has failed to explain satisfactorily the loss or deficiency of assets to the amount of One Hundred and Fourteen Thousand, Four Hundred and Fifty-Six dollars and Thirty-Seven Cents ($114,456.37) from October 30th, 1930, to the date that the petition in bankruptcy was filed against him.

"Third: That the within bankrupt obtained property on credit by making and publishing and causing to be made and published a materially false statement in writing respecting his financial condition; to wit, that on October 13th, 1930, he did make a materially false financial statement in writing respecting his financial condition on October 1, 1930, to R. G. Dun & Company and to Bradstreet Company."

The special master filed his report, recommending the sustaining of the second specification of objection, and the dismissal of the first and third specifications.

The special master also found, as a fact, that it would be greatly to the advantage of the creditors to have this composition confirmed, and stated that if he could do so he would confirm the composition regardless of his finding on the specification of objections.

Exceptions were taken to this report by the bankrupt, to the extent that the special master recommended the sustaining of the second specification of objections, and by the objecting creditors, to the recommendation of dismissal of the first and third specification of objections.

The report of the special master is advisory only, and the duty rests on the district judge to hear the case, and exercise an independent judgment thereon. International Harvester Co. v. Carlson (C. C. A.) 217 F. 736, 33 A. B. R. 178; In re Hughes (C. C.

A.) 262 F. 500, 44 A. B. R. 447. We have carefully reviewed the whole case and the testimony before the special master, and conclude that the specifications of objections should be dismissed.

In the first place, the composition offered is greatly to the advantage of the creditors. The master so found, and counsel on both sides admitted that such was the case. We therefore should confirm the composition, unless it clearly appear that the bankrupt has done something that would bar his discharge. In re Jaffe (C. C. A.) 20 F.(2d) 370. We cannot so find. It does not appear from the evidence that the transfer of real estate from himself to himself and wife was made with intent to hinder, delay, or defraud creditors, as charged in the first specification of objection. It does not appear that any credit was extended to the bankrupt on the strength of his real estate. All of the objecting creditors knew of his transfer before selling goods to the bankrupt.

It does not appear to us that the bankrupt has failed to explain satisfactorily the loss of assets or deficiency of assets, as charged in the second specification of objection. The whole controversy over the alleged deficiency in assets grows out of an alleged shortage of $19,061.34 in the appraised value of the merchandise account. From an examination of the evidence, we are convinced that this figure is arrived at by the use of an erroneous element in making the computation. Merchandise purchased is charged to the bankrupt at its invoiced cost price; but the merchandise on hand at the date of bankruptcy is credited to him, not at its invoiced cost price, but at the appraised value at the date of bankruptcy, as fixed by appraisers appointed by the referee. We therefore have an erroneous element in the computation. The cost price of the merchandise on hand at the date of bankruptcy is not shown by the testimony taken before the special master; but after the close of the argument on the exceptions, counsel for creditors favoring the composition filed two affidavits of experienced business men familiar with the cost price of the merchandise on hand at the date of bankruptcy, and they fixed its invoiced cost price at $30,000. If that figure, which would be the correct one, were used, then there would be no shortage in the merchandise account. That would bear out the testimony of the bankrupt that he disposed of no merchandise except in the ordinary course of business. The special master was evidently led to his conclusion as to this specification of objection by what he considered the evasive answers of the bankrupt to questions propounded to him; but the bankrupt clearly states that the merchandise purchased was on hand, except that sold in the ordinary course of business. There was no evidence offered of any merchandise clandestinely removed. Under the testimony, this shortage could only be arrived at by using the erroneous element of the appraised value of merchandise on hand, when the bankrupt should have been credited with its invoiced price, in view of the fact that the invoiced price of all merchandise was charged against him. We conclude, therefore, that this specification of objection is not sustained.

Finally, as to the third specification of objection, we are of the opinion that the special master correctly ruled as to this, in view of the fact that the bankrupt obtained neither property nor credit from any of the objecting creditors by reason of the alleged false statement.

We will therefore dismiss all the specifications of objections and confirm the composition. An order may be submitted accordingly.